UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:                              )
                                    )
**BRUCE C. WENGER**                 )         Case No. 11-10728
                                    )
                                    )
         Debtor.                    )

## NOTICE OF U.S. TRUSTEE MOTION TO DISMISS

The United States Trustee has filed the attached motion for an order dismissing the above case pursuant to Section 707(b).  Your rights may be affected.  You may want to consult with an attorney regarding the effect of the motion.

If you do not want the court to dismiss this case, or if you want the court to consider your views on the motion, then on or before twenty-one (21) days from the date of this notice, you or your attorney must file with the court a written objection and request for hearing, stating your position. The address for the court is: U.S. Bankruptcy Court for the Western District of Wisconsin, 500 South Barstow Commons, Eau Claire, WI 54701.  If you mail your objection to the court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.  You must also mail a copy of your objection to the U.S. Trustee, at the address below.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated:  April 25, 2011                    Respectfully submitted,

                                          PATRICK S. LAYNG
                                          United States Trustee

                                     By:  /s/ *Thomas P. Walz*
                                          THOMAS P. WALZ
                                          Attorney for U.S. Trustee

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, WI 53715
(608) 264-5522, ext. 16

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:                                    )
                                          )
**BRUCE C. WENGER**                       )        Case No. 11-10728
                                          )
                                          )
         Debtor.                          )

**MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS PURSUANT TO 11 U.S.C. §707(b)(1)**

The United States Trustee, Patrick S. Layng, by his attorney, Thomas P. Walz, hereby moves the Court for an order dismissing this case pursuant to 11 U.S.C. §707(b). In support of this motion, the U.S. Trustee respectfully states as follows:

1.      Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 2, 2011.

2.      Based upon a review of Debtor's Schedules D, E and F, Debtor's debts are primarily consumer debts.

3.      The creditor meeting in this case was concluded on March 14, 2011.

4.      According to Debtor's Form 22 (Chapter 7 Statement of Current Monthly Income and Means Test Calculation), his average monthly income in the six months prior to filing was $13,505, and his annualized current monthly income was $162,060.

5.      On his Schedule I, Debtor states that he has two dependents: his non-filing spouse, and one child. Debtor claimed a household size of three on his Form 22. At the time of filing, the median income for Wisconsin households comprised of three people was $65,187. Accordingly, Debtor's monthly income is 150 percent higher than the applicable state median family income amount.

6. Pursuant to 11 U.S.C. §704(b)(1)(A), the U.S. Trustee reviewed the materials filed by the Debtor and requested that the Debtor provide additional documentation to confirm their income and expenses. The U.S. Trustee filed an inability to determine the presumption of abuse statement pursuant to 11 U.S.C. §704(b)(1) (the "Ten-Day Statement") on March 24, 2011.

7. This motion is filed within 30 days of filing of the Ten-Day Statement and is therefore timely pursuant to 11 U.S.C. §704(b)(2).

### The Presumption of Abuse under §707(b)(2)

8. Section 707(b)(1) of the Bankruptcy Code provides that the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if the Court finds that granting relief would be an abuse of the provisions of Chapter 7. In turn, §707(b)(2)(A)(i) provides, in pertinent part, that the court *shall* presume abuse

> ...if the Debtor's current monthly income reduced by [certain allowed deductions] and multiplied by 60 is not less than the lesser of -
>
> (I) 25 percent of the Debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
>
> (II) $10,950.

8. Stated differently, if after deducting all allowable expenses from a Debtor's current monthly income, the debtor has less than $109.58 per month in monthly net income (*i.e.*, less than $6,575 to fund a 60-month plan), the filing is not presumed abusive. If the debtor has net monthly income of $182.50 or more (*i.e.*, at least $10,950 to fund a 60-month plan), the filing is presumed abusive. Finally, if the Debtor's net monthly income is more than $109.58 but less than $182.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25 percent or more of the Debtor's non-priority unsecured debts.

9.      If the presumption of abuse arises, Debtor may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(c)(2)(B)(i). Debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. 11 U.S.C. § 707(b)(2)(B)(ii) and (iii).

10.     In the event Debtor establishes special circumstances of the kind described in 11 U.S.C. §707(b)(2)(B)(i), he will rebut the presumption of abuse *only* upon a showing that the additional expenses or adjustments to income cause the product of the Debtor's reduced monthly income, when multiplied by 60, to be the lesser of (1) 25% of the Debtor's nonpriority unsecured debts or $6,575, whichever is greater, or (2) $10,950. 11 U.S.C. § 707(b)(2)(B)(iv).

Debtor's Income and Expenses

11.     The U.S. Trustee's position is that Debtor has lower expenses than shown on his Form 22, and has disposable income of $2,076 per month, as follows:

|  | **Debtors** | **U.S. Trustee** |
|---|---|---|
| Income | $13,505 | $13,505 |
| Expenses | $13,351 | $11,429 |
| Net Disposable Income | $154 | $2,076 |
| Total 60-Month Plan Payment | $9,240 | **$25,800** |

12.     The U.S. Trustee's adjustments to Debtor's expenses are as follows:

|  | **Debtors** | **U.S. Trustee** | **Difference** |
|---|---|---|---|

3

| Line 17 - Spouse's debts | $1,184 | $810 | $374 |
| --- | --- | --- | --- |
| Line 21 - Local Standards: housing and utilities; adjustment | $619 | $0 | $619 |
| Line 24 - Vehicle ownership expense | $496 | $0 | $496 |
| Line 26 - Mandatory payroll deductions | $545 | $112 | $433 |
| TOTALS | $2,844 | $922 | $723 |

13.     Specifically, on Line 21, Debtor claimed debts of his spouse totaling $1,184 per month. Debtor filed a prior bankruptcy case on October 30, 2009, and claimed spousal debts of only $810. Pending verification, the U.S. Trustee has adjusted Line 17 to $810.

14.     On Line 21, Debtor claimed an adjustment to the IRS Local Standard for housing and utilities of $619 per month based upon Debtor's bills for electric baseboard heat. The IRS Local Standard for St. Croix County for "non-mortgage" housing and utility expenses (which includes all utility expenses) is $566 per month. Debtor claimed this expense on Line 20A of his Form 22. In certain circumstances, a debtor might be entitled to a utility expense adjustment on Line 21 if the debtor could show that his or her monthly utility bills exceeded this standard amount. However, in his prior case, Debtor provided copies of his electric bills for the past two years, and those bills show that his average expense for electricity is only $252 per month, which is substantially less than the housing and utilities expense provided on Line 20A. Accordingly, the Debtor is not entitled to any adjustment for utilities on Line 21, and the U.S. Trustee adjusted the amount on Line 21 to $0.

15.     On Line 24, Debtor claimed a vehicle ownership expense of $496 per month for his second vehicle. However, there is no debt or lease payment associated with Debtor's second vehicle. Accordingly, the U.S. Trustee has adjusted the amount on Line 25 to $0.

4

16. On Line 26, Debtor has claimed mandatory payroll deductions of $545 per month. However, it appears that Debtor has included voluntary contributions to a deferred compensation account totaling $433 per month. The U.S. Trustee therefore has adjusted Line 26 to $112 per month.

17. On the U.S. Trustee's *pro forma* Form 22, based on the above adjustments, Debtor has total expenses of $12,659 per month, and disposable income of $430 per month.

18. Because the Debtor has excess monthly income of over $182.50 per month and can fund a 60-month plan in excess of $10,950, their case is presumed abusive under § 707(b)(2)(A)(I). Unless Debtors demonstrate special circumstances sufficient to rebut the presumption under § 707(b)(2)(B)(i), this case must be dismissed.

Bad Faith and Totality of the Circumstances under §707(b)(3)

19. Prior to BAPCPA, the standard for dismissal under § 707(b) was whether granting the debtor a discharge would constitute a "substantial abuse" of Chapter 7 of the Bankruptcy Code.

20. Under pre-BAPCPA case law, the principal factor to be considered in determining whether a case constituted "substantial abuse" was the debtor's ability to pay debtor's unsecured debts. *See, In re Herbst*, 95 B.R. 98 (W.D.Wis.1988).

21. As amended by BAPCPA, Section 707(b) now has three separate tests for dismissal: (1) whether the "presumption of abuse" arises under the "means test" under § 707(b)(2); (2) whether the debtor filed the petition in "bad faith" under § 707(b)(3)(A); or (3) whether the "totality of the circumstances" of Debtors' financial situation demonstrates "abuse" under § 707(b)(3)(B).

5

22. The means test applies to debtors whose income exceeds the applicable median income, and is based on the statutory (as opposed to "actual") measures of income and expense, as set forth in § 707(b)(2)(A).

23. If the presumption of abuse does not arise, or is rebutted by the debtor, then the Court "shall consider" whether the debtor's petition was filed in "bad faith", and whether the totality of the circumstances of Debtors' financial situation demonstrates "abuse".  § 707(b)(3).

24. The "totality of the circumstances" test is based on the debtor's actual, as opposed to statutory, income and expenses.  *See, In re Ross-Tousey*, 549 F.3d 1148, 1162 (7th Cir. 2008) (when determining whether to dismiss a debtor's case for abuse under §707(b)(3)(B)'s totality of circumstances test, a bankruptcy court can take into consideration a debtor's "actual income and expenses"), citing with approval *In re Zaporski*, 366 B.R. 758, 768 (Bankr. E.D. Mich. 2007) ("Just because there is no statutory presumption of abuse does not somehow create a safe harbor for a debtor. The UST can still request dismissal, as she has done in this case, under § 707(b)(3), either for bad faith or based on a totality of circumstances analysis that can properly take into consideration a debtor's actual income and expenses...").

25. In addition to other changes, BAPCPA changed the standard for dismissal under § 707(b)(3) in two key ways: it lowered the standard for dismissal from "substantial abuse" to simply "abuse", and it eliminated the presumption in favor of allowing the debtor's case to proceed.

> Prior to BAPCPA, there was a presumption "in favor of granting the relief requested by the Debtor."11 U.S.C. § 707(b) (2004). This presumption could be overcome if the court found that "granting of relief would be a *substantial* abuse" of Chapter 7. Id. (emphasis added). Courts looked to the "totality of the circumstances" to make this substantial abuse determination. *In re Price*, 353 F.3d 1135, 1139-40 (9th Cir.2004).

6

> BAPCPA produced a sea change. There is now no presumption favoring Chapter 7 relief, but an emphasis on repaying creditors as much as possible. H.R.Rep. No. 109-31, pt. 1 at 2 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 89. BAPCPA introduced a mathematical formula, commonly referred to as the "means test," to determine whether a debtor's financial circumstances create a presumption against granting relief under Chapter 7. 11 U.S.C. § 707(b)(2) (2008). A presumption of abuse may be rebutted if the debtor demonstrates "special circumstances" such as "a serious medical condition or a call or order to active duty in the Armed Forces." § 707(b)(2)(B). Even if a debtor's financial situation does not create a presumption of abuse (or if the presumption is rebutted), the bankruptcy court may still dismiss the petition if the debtor filed the petition in bad faith or if the "totality of the circumstances" demonstrates "abuse" of Chapter 7. §707(b)(3); *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1127 n. 1 (9th Cir. 2009).

*In re Egebjerg*, 574 F.3d 1045, 1048 (9th Cir. 2009).

20. Under BAPCPA, the debtor's ability to pay remains the principal factor to be considered in determining whether a case constitutes "abuse" under 11 U.S.C. §707(b)(3). *See, In re Bacardi*, 2010 WL 54760 (Bankr. N.D.Ill., 2010), and the cases cited therein. *See also, In re Richie*, 353 B.R. 569, 575 (Bankr. E.D. Wis. 2006) ("One of the circumstances the Court concludes it must consider [in determining whether there is an abuse under Section 707(b)(3)] is whether the evidence indicates that the debtor has the ability to pay her debts.").

21. If the presumption of abuse does not arise in this case, or is rebutted by Debtor, then this case should be dismissed because Debtor filed his petition in bad faith under Section 707(b)(3)(A), and because the following circumstances demonstrate "abuse" pursuant to Section 707(b)(3)(B).

22. As noted above, Debtor resides with his non-filing spouse, and their one child, in Hudson, Wisconsin. The current Wisconsin median income for a family of three is $65,187. Debtor's current household income ($162,060 per year) exceeds the current Wisconsin median income for a household of three by approximately 150 percent.

7

23.     Debtor's income has been steady. He has been employed by Ramsey County, Minnesota, as a public defender for 14 years, and currently earns around $8,505 per month.

24.     Debtor's non-filing spouse is the Director of an organization known as "Twin Cities RISE!", a training and skill development program for unemployed workers, and currently earns around $5,000 per month.

25.     On his Schedules I and J, Debtor listed his monthly income, and listed deductions and expenses which exceed his monthly income. However, as described below, Debtor's household income is understated, one of his expenses is overstated, and other expenses should not be allowed to calculate Debtor's disposable income.

26.     Debtor owns a house on Lake Mallalieu in Hudson, Wisconsin, valued at $493,100. The property is subject to two mortgage loans totaling around $605,00, so Debtor has no equity in this property.

27.     According to Debtor's Schedule J, Debtor currently makes payments on his two mortgage loans totaling $4,357 per month.

28.     A debtor's budget may be excessive or unreasonable because of high housing expenses, including a high mortgage payment. *See, In re Bacardi*, 2010 WL 54760 (Bankr. N.D.Ill., 2010).

31.     Several bankruptcy courts recently have concluded that excessive housing payments are grounds for dismissal, particularly when the debtor has no equity in the property. *See, In re Crink*, 402 B.R. 159, 171 (Bankr.M.D.N.C.2009), and the cases cited therein. *See also, In re Talley*, 389 B.R. 741, 745 (Bankr.W.D.Wash. 2008); *In re Wadsworth*, 383 B.R. 330, 334 (Bankr.N.D.Ohio 2007) (mortgage payments of $1,956 per month for a house with no equity

are excessive); *In re Rhoades*, 2009 WL 159388 (Bankr. M.D. N.C. Jan. 21, 2009) ($2,664 per month for a larger-than-necessary house with no equity is excessive and unreasonable); and *In re Hoffman*, 413 B.R. 191 (Bankr. M.D. Pa. 2008) ($2,338 for a house with no equity is excessive).

32.     In this case, Debtor's housing expenses -- totaling $4,357 per month -- clearly are excessive. Debtor has no equity in his house, and could easily rent an apartment or purchase a replacement house in Hudson suitable for a family of three at a substantially reduced cost. Debtor could free up substantial disposable income, and be in a much better position to make a "fresh start", by reducing his excessive housing expenses.

33.     On Schedule I, Line 4(d), Debtor claimed a deduction of $433 per month for "deferred comp". On information and belief, this deduction is a voluntary contribution to a tax-deferred savings plan which should not be allowed as a deduction when calculating Debtor's disposable income.

34.     On Schedule D, Debtor listed a debt to State Bank and Trust in the amount of $4,582 secured by a 2003 pontoon boat. On his Statement of Intentions, Debtor indicates that he intends to retain the pontoon boat and reaffirm this loan. If Debtor has the ability to make payments on the loan secured by his pontoon boat, then Debtor has the ability to make payments to his creditors.

35.     On Schedule J, Debtor lists consumer credit debt totaling $188,258, which appears to be excessive and unnecessary under all the circumstances.

36.     As noted above, Debtor filed a prior bankruptcy case on October 30, 2009. That case was dismissed based on a Motion to Dismiss filed by the U.S. Trustee, and Debtor's household income has increased since then.

37. In response to Questions 4, 5 and 8 on his Statement of Financial Affairs, Debtor states that he was not party to any suits, did not suffer any losses, and did not have any property seized by creditors before this case was filed.

38. There is no apparent unanticipated problem or financial setback which forced Debtor to file this case. *See In re Mooney*, 313 B.R. 709, 717 (N.D. Ohio 2002) ("this is not a case where Debtors' attempt to discharge unsecured debt caused by a catastrophic event but rather, by their own poor decisions. Debtors are not needy.")

39. In the absence of unusual expenses or circumstances, a Debtor with household income that is 150 percent higher than the median income for similar households should have the ability to make substantial payments to his creditors pursuant to a Chapter 13 plan.

40. Granting a discharge to Debtor would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code because Debtor has sufficient disposable income to make substantial payments to his creditors under a Chapter 13 plan.

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this case pursuant to Section 707(b), and grant any additional relief appropriate under the circumstances.

Dated:   April 25, 2011                             Respectfully submitted,

                                          PATRICK S. LAYNG
                                          United States Trustee

                             By:   */s/ Thomas P. Walz*
                                          THOMAS P. WALZ
                                          Attorney for U.S. Trustee

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, WI  53715
(608) 264-5522, ext. 16